UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRYAM HAVEDA OR MYRIAM HAVEDA,<br><br>Plaintiff,<br><br>-against-<br><br>POST OFFICE AT 250-10 NORTHERN BLD.; MANAGER MR. HAIM – INDIAN CHEROKE,<br><br>Defendants. | 24-CV-3292 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated her rights, possibly in connection with her employment. Named as Defendants are the Post Office located at 250-10 Northern Blvd. in Little Neck, Queens County, and its manager Mr. Haim, whom Plaintiff describes as "Indian Cheroke." (ECF 1, at 1, 3.) The Court construes the complaint as attempting to assert claims under federal employment discrimination laws. By order dated May 9, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She checks the box on the form to invoke the court's federal question jurisdiction. In response to the question asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Harassment personal smoking metadone at the office [illegible] called me at the office. Stalking

of my 6.M. daughter. From my [illegible]. I took me car to be fix." (ECF 1, at 2.)[1] Plaintiff states

that the events giving rise to her claims occurred "a year ago" at the post office on Northern

Boulevard in Queens. (*Id.* at 5.)

Plaintiff alleges that she was "forced to retire[]" because her boss was "smoking drugs"

in the office. (*Id.*) Plaintiff appears to state that her boss "smoked" with a union representative

and other staff members who are "illegal aliens working with [Plaintiff's] SS card." (*Id.*) These

individuals "smoked metadone" and sold drugs at the Post Office. (*Id.*) Plaintiff alleges that she

"stud[ies] drugs" but does not use them, and that her co-workers used to "chase[] [her] out of the

office before the time to deliver[] the mail." (*Id.*)

In the section of the complaint form to describe her injuries, Plaintiff states that she was

"run over by a car outside of the post office with [her] uniform crossing the street to eat,"

suggests that $500 may have been stolen from the bank, and states that she is "living from the

welfare dep[artment]." (*Id.* at 6.)

Plaintiff appears to seek money damages as compensation for a "low salary for 52 years

of work" without pay for vacation, holidays, or sick time. (*Id.*)

## DISCUSSION

### A.      Plaintiff's Claims

Because Plaintiff sues her former employer, alleges facts related to her job, and

references being forced to retire, the Court liberally construes the complaint as attempting to

assert a claim under one of the federal employment discrimination statutes, such as Title VII of

the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, or the Age

---

[1] Plaintiff's handwriting is difficult to read. The Court quotes the complaint verbatim, to the best of its ability. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Discrimination in Employment Act. These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, such as race, color, sex, disability, age, and national origin, *see Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against [her], and (2) [her protected characteristic] was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff has not alleged a viable claim under any of the federal employment discrimination statutes. Her allegations that she was forced to retire and may have experienced harassment at work may be sufficient to suggest that she suffered an adverse employment action. However, Plaintiff does not allege any facts suggesting that her employer took any of these actions against her based on a protected characteristic, such as her race, color, sex, disability, age, or national origin.

The Court grants Plaintiff leave to file an amended complaint alleging facts suggesting that her employer took an adverse employment action against her based on a protected characteristic. Because Plaintiff alleges that she was employed by the United States Post Office, she must name United States Postmaster General Louis DeJoy as a defendant in any amended complaint.[2]

**B.     Request for Counsel**

On May 22, 2024, Plaintiff submitted a motion for the Court to request *pro bono* counsel. (ECF 5.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

---

[2] The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against any part of the federal government, such as a federal agency, like the United States Post Office, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). "The United States has waived its sovereign immunity regarding employment discrimination claims only to the extent that such claims are made against the head of the department, agency or unit." *Coats v. Dep't of Veterans Affairs*, No. 04-CV-0491A, 2005 WL 2420354, at *4 (W.D.N.Y. Sept. 30, 2005); *see Mitchell v. Chao*, 358 F. Supp. 2d 106, 112-13 (N.D.N.Y. Mar. 2, 2005); *Morrongiello v. Ashcroft*, No. 01-CV-2524 (SHP), 2004 WL 112944, at *3 (S.D.N.Y. Jan. 22, 2004). Accordingly, if Plaintiff files an amended complaint asserting federal employment discrimination claims arising from her job at the United States Post Office, she must name as a defendant United States Postmaster General Louis DeJoy.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid federal employment discrimination claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims. Plaintiff must name United States Postmaster General Louis DeJoy as a defendant in the amended complaint.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-3292 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's motion for the Court to request *pro bono* counsel is denied without prejudice to renewal at a later date. (ECF 5.)

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 8, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                     _____
                                        LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

      -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant.  Addresses should not be included here.)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☐ Yes  ☐ No
*(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a
Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in
Employment Act, you must first file a charge with the Equal Employment Opportunity
Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act,
you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

## I.  **Parties in this complaint:**

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff       Name  _____

                Street Address  _____

                County, City  _____

                State & Zip Code  _____

                Telephone Number  _____

B.    List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant       Name  _____

                Street Address  _____

                County, City  _____

                State & Zip Code  _____

                Telephone Number  _____

C.    The address at which I sought employment or was employed by the defendant(s) is:

                Employer  _____

                Street Address  _____

                County, City  _____

                State & Zip Code  _____

                Telephone Number  _____

## II.  **Statement of Claim:**

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

         _____          Failure to hire me.

         _____          Termination of my employment.

         _____          Failure to promote me.

         _____          Failure to accommodate my disability.

         _____          Unequal terms and conditions of my employment.

         _____          Retaliation.

_____        Other acts *(specify)*: _____.

> ***Note:*** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.   It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                  *Date(s)*

C.   I believe that defendant(s) *(check one)*:

_____        is still committing these acts against me.

_____        is not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐      race   _____            ☐      color   _____

☐      gender/sex   _____             ☐      religion_____

☐      national origin   _____

☐      age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐      disability or perceived disability, _____ *(specify)*

E.   The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____
_____

> ***Note:*** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.   Exhaustion of Federal Administrative Remedies:

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.   The Equal Employment Opportunity Commission *(check one)*:

_____   has not issued a Notice of Right to Sue letter.

_____   issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

> **Note:** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.   Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____   60 days or more have elapsed.

_____   less than 60 days have elapsed.

## IV.   Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff   _____

Address   _____

_____

_____

_____

Telephone Number   _____

Fax Number *(if you have one)*   _____

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

Name (Last, First, MI)

Address               City                  State                 Zip Code

Telephone Number                          E-mail Address

Date                                      Signature

**Click Here to Save**