UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRYAM NAVEDA,<br><br>                              Plaintiff,<br><br>            -against-<br><br>POST OFFICE AT 250-10 NORTHERN BLVD., et al.,<br><br>                              Defendants. | 24-CV-3292 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, New York, brings this action *pro se*. In her amended complaint, Plaintiff invokes Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297. Plaintiff alleges that her employment at the post office in Little Neck, Queens, was terminated, and she suffered retaliation. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Title VII includes a venue provision, which provides that claims may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

By contrast, claims brought under the ADEA are governed by the general venue statute, 28 U.S.C. § 1391. *See, e.g.*, *Holmes v. Romeo Enters.*, LLC, No. 15-CV-3915 (VB), 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015). Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue of Plaintiff's Title VII claim is proper, under Section 2000e-5(f)(3), in any district in the State where she worked. Although Plaintiff's allegations are not entirely clear, she seems to allege that, in 2022, she was terminated from her employment at the United States Postal Service office in Little Neck, Queens County. (ECF 7 at 2.) Plaintiff names the "post office," the branch manager, Mr. Howi, and two other individuals for whom she provides addresses in Little Neck, Queens County. (*Id.*) Plaintiff thus worked in Queens County, New York, which is in the Eastern District of New York. 28 U.S.C. § 112(c). Venue of Plaintiff's Title VII claim is therefore proper in the Eastern District of New York and any other district in the State.

Venue of Plaintiff ADEA claim, however, is not necessarily proper in this district. It is not clear that venue lies in this district under Section 1391(b)(1), based on the residence of defendants, because Plaintiff does not allege that any defendant resides in this district. Moreover,

2

Plaintiff alleges that the events giving rise to her claims took place in Queens County, and venue therefore also does not lie in this district under Section 1391(b)(2), based on the place of occurrence. Venue under Section 1391(b)(2) is proper in the Eastern District of New York, because the claims arose in Queens County.

Even when venue is proper in the district where a case was filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011)

Venue is proper in the Eastern District of New York for both Plaintiff's Title VII and ADEA claims, but it is not clear that venue is proper in this district for both claims. Moreover, Plaintiff's choice of forum is entitled to less deference because Plaintiff does not reside in the chosen forum and the operative events did not arise in this district. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Based on the relevant factors, it appears that transfer is appropriate in this action, and the Court therefore transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 12, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge